United States District Court
Southern District of Texas
**ENTERED**
April 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 5:16-CR-649 |
| § | |
| TIM MCCOY BARTON § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion for release to community confinement under the Second Chance Act (Dkt. No. 50). The Second Chance Act "amended the statutory provisions authorizing the Bureau of Prisons to determine an inmate's eligibility for placement in a halfway house." *United States v. Lopez*, 624 F. App'x 234, 234–235 (5th Cir. 2015) For the reasons stated below, the motion (Dkt. No. 50) is **DENIED**.

The Bureau of Prisons (BOP) is responsible for administering sentences and calculating sentencing credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Setser*, 607 F.3d 128, 132 (5th Cir. 2010), *aff'd*, 566 U.S. 231 (2012). This responsibility encompasses decisions to release a defendant to community confinement under the Second Chance Act. *Lopez*, 624 F. App'x at 235 (noting the Second Chance Act authorizes the BOP "to determine an inmate's eligibility for placement in a halfway house" and that "[s]uch administrative decisions . . . do not provide an independent basis for a sentence reduction"); 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare

for the reentry of that prisoner into the community.").

If a prisoner wishes to challenge the BOP's sentencing determinations, the proper vehicle to do so is a petition pursuant to 28 U.S.C. § 2241, filed in the district where the defendant is incarcerated.[1] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (noting a Section 2241 petition is the appropriate mechanism by which "a sentenced prisoner attacks the manner in which a sentence is carried out") (citations omitted); *Argo v. United States*, No. 3:20-cv-3032, 2021 WL 4296405, at *2 (N.D. Tex. Aug. 23, 2021) (noting challenge to eligibility determination for halfway house placement "may be raised" in a Section 2241 petition), *R. & R. adopted*, 2021 WL 4296198 (N.D. Tex. Sept. 21, 2021). Before bringing a Section 2241 petition, a defendant must exhaust his available administrative remedies. *See Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018); *Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). Here, even if the Court were to construe the motion as a Section 2241 petition, Defendant's motion is not filed in the district of his incarceration and does not explain whether he has exhausted his available administrative remedies.

Accordingly, Defendant's motion for release to community confinement under the Second Chance Act (Dkt. No. 50) is **DENIED**.

It is so **ORDERED**.

**SIGNED** April 4, 2022.

Marina Garcia Marmolejo
United States District Judge

---

[1] As Defendant is currently incarcerated in a facility in Cumberland, Maryland, any Section 2241 petition should be filed in the District of Maryland.